PER CURIAM.
Jack C. Rifen appeals his conviction by jury verdict on an indictment charging him with three counts of making fraudulent claims against an agency of the United States, 18 U.S.C. § 287, two counts of failing to file federal income tax returns, 26 U.S.C. § 7203, and four counts of supplying a false and fraudulent statement to his employer, 26 U.S.C. § 7205. We affirm the conviction on all counts.
The charges of supplying a false and fraudulent statement to his employer were based on Rifen’s submission of four federal income tax withholding forms, W-4E, which certified that he had not incurred federal income tax liability in the prior year and did not expect to incur liability in the coming year. Two tax returns, which did not contain sufficient income information to determine tax liability, formed the basis of the failure to file charges. The charge of making fraudulent claims against the United States concerned three amended returns which Rifen filed, listing his income as zero and requesting a refund equal to the amount withheld from his wages for federal taxes during each year in question. Written explanations, including legal arguments and indications of protest, were attached to the documents underlying the charges.
The defense was that Rifen acted out of a good faith misinterpretation of the law and therefore lacked the requisite intent to commit any of the criminal offenses charged. Rifen testified as to his belief that federal reserve notes are not authorized by the United States Constitution because they are not redeemable in specie, and are therefore not subject to taxation. Proceeding pro se on appeal, Rifen argues that the evidence was insufficient to support conviction on any of the counts, because no evidence was presented on the definition of the symbol for the dollar ($).
No such evidence was necessary. Congress has declared federal reserve notes legal tender, 31 U.S.C. § 392, and federal reserve notes are taxable dollars. See United States v. Daly, 481 F.2d 28 (8th Cir.), cert. denied, 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973); United States v. Schmitz, 542 F.2d 782 (9th Cir. 1976), cert. *1113 denied, 429 U.S. 1105, 97 S.Ct. 1134, 51 L.Ed.2d 556 (1977); United States v. Wangrud, 533 F.2d 495 (9th Cir.), cert. denied, 429 U.S. 818, 97 S.Ct. 64, 50 L.Ed.2d 79 (1976). The specific answer to Rifen’s argument is that article I, section 10 of the United States Constitution prohibits the states from declaring legal tender anything other than gold or silver, but does not limit Congress’ power to declare what shall be legal tender for all debts. The Legal Tender Case, 110 U.S. 421, 446, 4 S.Ct. 122, 28 L.Ed. 204 (1884); Chermack v. Bjornson, 302 Minn. 213, 223 N.W.2d 659 (1974), cert. denied, 421 U.S. 915, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975).
We must also reject Rifen’s attorney’s contention that evidence of willfulness was insufficient for conviction under 26 U.S.C. §§ 7203, 7205. The element of willfulness in offenses under the tax code does not require proof of any motive other than an intentional violation of a known legal duty. United States v. Pomponio, 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976); United States v. Bishop, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973); United States v. Olson, 576 F.2d 1267, at 1272 (8th Cir. 1978); United States v. Ojala, 544 F.2d 940 (8th Cir. 1976). The evidence of Rifen’s prior tax paying history and of attempts by Rifen’s employer and the Internal Revenue Service to explain legal requirements to Rifen is sufficient to sustain the jury’s finding that Rifen was aware of his legal obligations under the tax laws and intentionally chose not to comply.
When viewed in the light most favorable to the government, the evidence is also sufficient to sustain the jury’s verdict on the three counts of making a fraudulent claim against an agency of the United States. 18 U.S.C. § 287. The jury heard Rifen’s testimony and was in position to assess his credibility. They apparently did not believe that he acted out of a genuine misconception of the law, or found his belief in the legality of his conduct to be so unreasonable or impermissible that it did not constitute a justifiable excuse for his conduct. Cf. Johnson v. United States, 410 F.2d 38 (8th Cir.), cert. denied, 396 U.S. 822, 90 S.Ct. 63, 24 L.Ed.2d 72 (1969) (18 U.S.C. § 1001). The jury was permitted to infer an intent to defraud from a finding that Rifen had submitted a claim with guilty, actual knowledge that it was false. See United States v. Cooperative Grain & Supply Co., 476 F.2d 47 (8th Cir. 1973) (31 U.S.C. § 231); see also Kercher v. United States, 409 F.2d 814 (8th Cir. 1969); United States v. Miller, 545 F.2d 1204 (9th Cir. 1976), cert. denied, 430 U.S. 930, 97 S.Ct. 1549, 51 L.Ed.2d 774 (1977); United States v. Lopez, 420 F.2d 313 (2d Cir. 1969).
The judgment is affirmed.