**P. A. F. EQUIPMENT CO., INC., Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, and Ray Marshall, Secretary of Labor, Respondents.**

No. 79–1398.

United States Court of Appeals, Tenth Circuit.

Argued Sept. 17, 1980.

Decided Dec. 2, 1980.

Arthur T. Carter of Tate, Bruckner & Sykes, Lincoln, Neb. (William H. Bruckner of Tate, Bruckner & Sykes, Houston, Tex., with him on the brief), for petitioner.

Domenique Kirchner, Atty., U. S. Dept. of Labor, Washington, D.C. (Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health, Allen H. Feldman, Counsel for Appellate Litigation, Nancy L. Southard, Asst. Counsel for Appellate Litigation, Washington, D.C., and Tedrick A. Housh, Jr., Regional Sol., Kansas City, Mo., with her on the brief), for respondents.

Before SETH, Chief Judge, LOGAN, Circuit Judge, and TEMPLAR, District Judge.*

SETH, Chief Judge.

P.A.F. Equipment Co., Inc. petitions this court for review of a final order issued by the Occupational Safety and Health Review Commission finding the Company in willful violation of a safety standard and assessing a penalty of $5,600.

The major issue presented is whether, after issuance of a citation for a serious violation, and filing by the Company of a notice to contest that violation, the Secretary of Labor may amend the citation to allege a willful violation.

P.A.F. Equipment Co. is a manufacturer of hand tools, with a single plant in Hiawatha, Kansas. On January 27, 1972, an OSHA compliance officer inspected the plant and allegedly warned that the points of operation on mechanical power presses must be guarded pursuant to 29 C.F.R. § 1910.212(a)(3)(iii), a standard which would become effective on February 15, 1972. On September 12, 1973 a serious violation citation was issued by OSHA after inspection. After discussion with P.A.F.'s representatives, the OSHA area director agreed that a more specific standard, 1910.217(c)(1)(i), covered the machines in question. As that standard had a delayed effective date of August 31, 1974, the citation was withdrawn by the Secretary of Labor's attorney, Mr. DeShazo.

On July 18, 1975 the plant was inspected again and a serious citation was issued under 1910.217(c)(1)(i) with a proposed penalty of $700. P.A.F. filed a notice of contest of the citation pursuant to 29 U.S.C. § 659(c). The Secretary then filed a complaint on August 18, 1975, which amended the citation to allege a willful violation and an increased proposed penalty of $5,600.

A hearing was held before an administrative law judge on October 29, 1975. P.A.F. moved to strike the allegation of a willful violation, arguing that the amendment substantially altered the cause of action and chilled its rights to contest citations. The judge originally denied the motion, but on reconsideration he ruled that the amendment was improper. The Secretary then filed a petition for review by the Commission, and on March 22, 1979 the Commission issued a decision reversing the administrative law judge and finding P.A.F. in willful violation of the Act.

In *Clarkson Construction Co. v. OSHRA*, 531 F.2d 451 (10th Cir.), we considered a contention similar to the one made here. It was, however, in proceedings where no change in categories was made. The citation was for a "serious" violation and on contest it remained "serious." However, the authority of the Secretary to have made a change was considered. The petitioner urged the "chilling effect" by reason of the alternatives open to the Secretary. We there said, at 456:

"We also disagree with the argument that it is unconstitutional for the Commission to increase the penalties. Here again there remains a right to review. The imposition of an increased or enlarged penalty is not unconstitutional so long as the scheme is free of vindictiveness. *See Blackledge v. Perry*, 417 U.S. 21, 27, 94 S.Ct. 2098 [, 1982], 40 L.Ed.2d 628 (1974), and *see also Chaffin v. Stynchcombe*, 412 U.S. 17, 29, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973); *Colten v. Kentucky*, 407 U.S. 104, 116, 92 S.Ct. 1953, 32

---

* Of the United States District Court for the District of Kansas, sitting by designation.

L.Ed.2d 584 (1972); *North Carolina v. Pearce*, 395 U.S. 711, 723, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The incieased penalty can be imposed only by the Commission, not the Secretary, and it is subject to judicial review. Thus the possibility of vindictiveness is negligible."

In *Savina Home Industries v. Secretary of Labor*, 594 F.2d 1358 (10th Cir.), we considered the issue in a pre–*Barlow's* inspection (*Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305). We there held that *Barlow's* was not retroactive. Thus there was no need for further proceedings to determine whether there was a violation of the Fourth Amendment. We also there said, at 1366:

"Savina also claims that the OSHA enforcement procedure has a due process–violating 'chilling effect' on the employer's right to administrative and judicial review. The argument here is that review is deterred by the Commission's ability to increase the proposed penalties if a citation is challenged. The Secretary acknowledges that the Commission may exercise a penalty–modifying power under 29 U.S.C. § 666(i) (1976), but denies that this violates due process. He also contends that Savina lacks standing to make this claim.

"This court has already rejected these due process contentions in *Clarkson Construction Co. v. OSHRC*, 531 F.2d 451, 456 (10th Cir. 1976)."

In *Long Mfg. Co. N.C., Inc. v. OSHRC*, 554 F.2d 903 (8th Cir.), the court considered a change from a "repeated violation" with a proposed penalty of $350 to a "failure to correct" with a proposed penalty of $8,700, and held that the change was permissible. *See also Noblecraft Industries, Inc. v. Secretary of Labor*, 614 F.2d 199 (9th Cir.); *Builders Steel Co. v. Marshall*, 575 F.2d 663 (8th Cir.); *Dan J. Sheehan Co. v. OSHRC*, 520 F.2d 1036 (5th Cir.); and *Bloomfield M. Cont., Inc. v. OSHRC*, 519 F.2d 1257 (3d Cir.). In *Noblecraft* the change was from nonserious to serious and it was permitted. The administrative law judge found that petitioner was prejudiced by the change in

that it had to decide whether to file a contest not knowing that the Secretary would have the option to increase the severity of the charge.

It is apparent that the doctrine and dangers described in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 and the several cases cited in our *Clarkson* opinion could possibly arise. However, we decided in *Clarkson*, and in *Savina* that the possibility was too remote to support a challenge. Those decisions are controlling here.

AFFIRMED.