R. A. POHL CONSTRUCTION
COMPANY, Petitioner,

v.

Ray MARSHALL, Secretary of Labor,
and Occupational Safety and Health
Review Commission, Respondents.

No. 79–1512.

United States Court of Appeals,
Tenth Circuit.

Feb. 3, 1981.

Thomas M. Moore, of Gould & Moore, P. C., Kansas City, Mo., for petitioner.

John A. Amodeo, Atty. U. S. Dept. of Labor, Washington, D. C. (Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health, Allen H. Feldman, Counsel for Appellate Litigation, Washington, D. C., and Tedrick A. Housh, Regional Sol., Kansas City, Mo., with him on the brief), for respondents.

Before SETH, Chief Judge, SEYMOUR, Circuit Judge, and PALMIERI, District Judge.*

SETH, Chief Judge.

This matter comes before us on the petition of R. A. Pohl Construction Company for review of an order of the Occupational Safety and Health Review Commission. This order adopted the decision of the administrative law judge.

* Of the United States District Court for the Southern District of New York, sitting by designation.

An employee of petitioner was killed in a tragic accident while working in a sewer trench being dug by petitioner. OSHA inspected the work site and cited the Company for a willful violation of 29 C.F.R. § 1926.652(c) pertaining to trenching and for a serious violation of 29 C.F.R. § 1926.-21(b)(2). The Company contested the charge and the Secretary filed a complaint charging violation of the same subsections. The matter was heard before an administrative law judge who sua sponte changed the citation to violation of another subsection of section 1926.652. The change was from the (c) subsection to the (b) subsection. From the record before us it appears that this change was not made until the decision was handed down on March 20, 1979, the hearing having closed on December 5, 1978. The hearing was conducted on the citation and complaint for violation of section 1926.-652(c) which was for a violation of the trenching standards for work in hard soil. The case was conducted on that basis by the Company. The width and depth of the trench were thus considered under the (c) standards. The citation in material part as to the trenching read:

"29 CFR 1926.652(c): The side(s) of the trench(es) in hard, or compact soil, including embankment(s), were not . . . . "

The complaint adopted the citation and attached it as an exhibit. The matter went to hearing on that basis.

■ We have held in several cases that the Secretary is able, when a citation is challenged, to change the violation from serious to willful when the formal complaint is filed provided that no serious prejudice results. These are, of course, changes before a hearing is commenced. *See P. A. F. Equipment Co., Inc. v. OSHRC*, 637 F.2d 741 (10th Cir.); *Savina Home Industries v. Secretary of Labor*, 594 F.2d 1358 (10th Cir.); and *Clarkson Construction Co. v. OSHRC*, 531 F.2d 451 (10th Cir.). If prejudice would result, no amendment is permitted. *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820 (3d Cir.). We have not decided specifically as to changes in the charge from violation of one standard to violation of another.

■ Under the Occupational Safety and Health Act, 29 U.S.C. § 661(f), Rule 15 of the Federal Rules of Civil Procedure is adopted. Rule 15(b) permits the amendment of pleadings to include issues not therein raised if the issues were tried with the express or implied consent of the parties. *Ellis v. Arkansas Louisiana Gas Co.*, 609 F.2d 436 (10th Cir.); *deHaas v. Empire Petroleum Co.*, 435 F.2d 1223 (10th Cir.); *Simms v. Andrews*, 118 F.2d 803 (10th Cir.). The test whether pleadings should be deemed amended we said in *Ellis* and *deHaas* is whether the opposing party had a fair opportunity to defend and whether it could offer additional evidence if the case were retried on the different theory. This is the standard described in 3 Moore's Federal Practice ¶ 15.13(2). The implied consent issue should be decided by the trial court.

The administrative law judge (if he is the trial court for this purpose which we do not decide) made no determination as to implied consent. The administrative law judge merely said, "In actual fact, the trench was not excavated in hard or compact soil." He also said an amendment does not constitute prejudicial surprise to the company "since the nature of the soil conditions was an issue raised by the original Citation and Complaint," and that the Company was on notice that "the issue" was involved in the case. However, there is no indication in the record that soil conditions was an issue nor that it was "tried." One exhibit, a diagram of the trench prepared by a representative of the Company, bore a notation that the upper portion of the cut was "clay." The Government witness who had not seen the trench mentioned that clays generally could be unstable in varying degrees and with a time element. This was the "testimony" on soil conditions. As indicated, the Secretary had alleged a violation of the regulation pertaining to "hard or compact" soils. There was no contention otherwise.

Thus there was no "issue" in the case as to whether the soil was hard or unstable. The Secretary in the Complaint asserted

that the soil was hard, and this was certainly not contested by the Company. The issue tried was the depth and width of the trench. The testimony of the Secretary went to the hard soil allegations he had made and the hard soil standards.

The compliance officer Rogers testified that, based on the description of the soil conditions given to him, clay above shot rock, the minimum width above the five-foot depth would be eight feet under "the standards." His reference to "clay" came from a diagram prepared by a Company representative. Mr. Rogers did not see the trench. There was no testimony that this shot rock was unstable nor as to its character. Mr. Rogers testified as to clay generally but not as to conditions in this instance.

The attorney for the defendant asked Mr. Rogers about sloping. He answered that the slope would have to start at the five-foot level. Some questions were asked as to the mathematics to be applied under the regulations, but the administrative law judge stopped the questioning, and said:

"I don't want this witness or any other witness to get into the mathematics of sloping as mandated by the regulation that has been cited. Somebody is going to be able to calculate that."

The Commission in *Syracuse Rigging Co., Inc.*, OSHRC Docket No. 13511, CCH ESHG Para. 21,819, refused to permit an amendment by an administrative law judge to a different standard not tried with the express or implied consent of the respondent. *See also The Rogers Manufacturing Co.*, OSHRC Docket No. 76–896, CCH ESHG Para. 23,800. There must be a very clear indication in the record that the evidence, sought to be used as a basis for the argument that there was implied consent, was introduced to raise a new issue. *International Harvester Credit Corp. v. East Coast Truck*, 547 F.2d 888 (5th Cir.). There is no such indication here, and it appears that OSHA stood on the original complaint.

■ Under these circumstances where the change made in the complaint brings the case under different standards, where there is no indication by the administrative law judge that the soft soil standards were tried by implied consent, where the record contains no such consent, and where the change is to another and different standard which was not raised in the complaint, the amendment cannot be allowed.

The administrative law judge decided the soil was soft. He decided all clay was soft on his own as there was no testimony that this clay was unstable. It is difficult to see how he could so decide and then substitute other standards than those charged and used as the basis for the trial. The complaint is not comparable to an ordinary civil complaint and is based on the citation originally issued for the violation. The proceedings, considering the nature of the citation and the complaint, are more like a citation for a criminal offense than the usual civil proceedings. The complaint is the charge against which the respondent must defend. It thus should be clear, state the particulars, and is limited to the standards which are alleged to have been violated. 29 U.S.C. § 658(a) requires that the citation "describe with particularity the nature of the violation, including a reference to the provision of the chapter, standard, rule, regulation, or order alleged to have been violated." Changes such as a post-hearing change attempted here by the administrative law judge are clearly unfair and prejudicial. The case in substance was tried on one regulation or standard and decided on another.

We have examined the record on the safety training issue (29 C.F.R. § 1926.-21(b)(2)) and find that the order of the Commission is supported by substantial evidence.

The administrative law judge erroneously sought to amend the citation after the hearing as to the 29 C.F.R. § 1926.652(c) violation and this action was erroneously adopted in an order by the Occupational Safety and Health Review Commission. This order of the Commission is reversed. The order of the Commission as to safety training under the 29 C.F.R. § 1926.21(b)(2) citation for serious violation is affirmed.