**BORTON, INC., Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, Respondent.**

No. 82–1661.

United States Court of Appeals, Tenth Circuit.

May 16, 1984.

William F. Bradley, Jr., Hutchinson, Kan. (William B. Swearer, Hutchinson, Kan., on the brief), of Martindell, Carey, Hunter & Dunn, Hutchinson, Kan., for petitioner.

Domenique Kirchner, Atty., Washington, D.C. (T. Timothy Ryan, Jr., Sol. of Labor, Frank A. White, Associate Sol., for Occupational Safety and Health, Dennis K. Kade, Washington, D.C., Counsel for Appellate Litigation, James E. White, Regional Sol., Dallas, Tex., and W. Eric Cloud, U.S.Dept. of Labor, Washington, D.C., with her on the brief) for respondent.

Before SETH, Chief Judge, and HOLLOWAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Borton, Inc. seeks review of a finding by the Occupational Safety and Health Review Commission that Borton violated § 5(a)(2) of the Occupational Safety and Health Act, 29 U.S.C. § 654(a)(2), by failing to comply with 29 C.F.R. § 1926.451(a)(13), which deals with access to scaffolding on construction sites.

Borton is a contractor engaged in the construction of grain silos. A Borton employee died in an accident at a construction site. Borton employees were working on a scaffold that was inside a silo about seven feet from the top. Access to the scaffold was through a hatch in the top of the silo. Although there was an access ladder twenty-five to thirty feet from the hatch, Calvin Williams, an employee who had previously been reprimanded for not using the access ladder, entered the silo without using the ladder. Apparently he lowered himself into the silo and dropped to the scaffold. When he did so, one of the planks in the scaffold broke. Although he had on a safety belt and lanyard tied off approximately seven feet from the access hatch, the lanyard broke and Williams died when he fell 123 feet to the silo floor.

As a result of the accident, the Secretary of Labor cited Borton for failure to comply with 29 C.F.R. § 1926.451(a)(13). That section governs scaffolding used in construction and provides: "An access ladder or equivalent safe access shall be provided."

Borton contested the citation, and the Secretary filed a formal complaint. An administrative law judge vacated the citation, holding that Borton had provided a ladder and had taken sufficient measures to ensure that employees used the ladder for access to the scaffold. The Occupational Safety and Health Review Commission granted the Secretary's petition for discretionary review. The Commission voted two to one to reverse the holding of the administrative law judge. The Commission rejected Borton's contention that 29 C.F.R. § 1926.451(a)(13) simply required it to make an access ladder available and determined that § 1926.451(a)(13) implicitly directs employers to require employees to use an access ladder or equivalent means of safe access to scaffolding. The Commission also rejected the administrative law judge's finding that Borton had taken sufficient measures to ensure that employees used the ladder. On appeal Borton argues that § 1926.451(a)(13) merely requires it to make an access ladder available.

█ In *Usery v. Kennecott Copper Corp.*, 577 F.2d 1113 (10th Cir.1977), this Court considered the meaning of 29 C.F.R. § 1910.28(a)(12), which applies to scaffolding in general (not just in construction work) and provides: "An access ladder or equivalent safe access shall be provided."

In *Kennecott* we rejected the argument that § 1910.28(a)(12) requires employers to ensure that its employees use access ladders. We held that the plain meaning of the phrase "shall be provided" is that an employer must furnish or make available an access ladder and that the regulation could not be read as directing employers to require use of an access ladder. The majority opinion of the Commission flatly rejected our view as expressed in *Kennecott*, stating that it "failed to construe the word 'provide' broadly and remedially in accordance with the purpose of the Act." This the Commission cannot do. *Kennecott* binds the Commission for cases reviewed in this circuit just as it binds this panel of judges. If the Commission wishes to change the rule, it must do so through rulemaking procedures, in which event those subject to the rule will have notice and an opportunity to comment. The Commission may not overrule a decision of this Court by an internal adjudicatory decision.

One of the two commissioners who made up the majority concluded, as an additional basis for the majority holding, that § 1910.28(a)(12) is distinguishable from § 1926.451(a)(13) because of the different contexts in which the identical regulations appear. On appeal, the Secretary urges us to affirm the Commission's holding on that alternative ground.

Section 1910.28(a)(12) is in 29 C.F.R. Chapter XVII, part 1910, subpart D, which sets out general occupational health and safety standards for walking and working surfaces. Section 1926.451(a)(13), the regulation at issue here, is in Chapter XVII, part 1926, which sets out safety and health regulations for construction work. Subpart L of part 1926 deals with ladders and scaffolding and contains three sections, including § 1926.450 under the heading "Ladders" and § 1926.451 under the heading "Scaffolding." The Secretary argues that § 1926.451(a)(13) should be interpreted differently from § 1910.28(a)(12) because it must be read in conjunction with § 1926.450(a)(1), which appears in subpart L under the heading "Ladders." Section 1926.450(a)(1) provides: "Except where either permanent or temporary stairways or suitable ramps or runways are provided, ladders described in this subpart shall be used to give safe access to all elevations." Assuming that § 1926.450(a)(1) does require employers to ensure that employees use access ladders, Borton was not cited for a violation of § 1926.450(a)(1). Borton was cited for failing to *provide* an access ladder or equivalent means of safe access in violation of § 1926.451(a)(13).

■ Borton is entitled to notice of the regulations it has allegedly violated. 29 U.S.C. § 658(a). In a recent OSHA case we wrote, "The complaint is the charge against which the respondent must defend. It thus should be clear, state the particulars, and is limited to the standards which are alleged to have been violated." *R.A. Pohl Construction Co. v. Marshall*, 640 F.2d 266, 268 (10th Cir.1981). Section 1926.451(a)(13) does not refer to § 1926.450(a)(1). In *Kennecott* we declared that the term "provide" is not ambiguous. 577 F.2d at 1119. Thus, there is no need to look beyond the face of § 1926.451(a)(13) to discover the meaning of "provide." On the basis of the complaint against Borton, the Secretary was only entitled to show that Borton had failed to provide an access ladder or equivalent safe access. The Commission acknowledged that Borton had made an access ladder available. Thus, under *Kennecott*, Borton had "provided" an access ladder and had not violated § 1926.451(a)(13).

We therefore set aside the order of the Commission.

IT IS SO ORDERED.