BISSELL, Circuit Judge.
 

 The government appeals from a grant of summary judgment on the sugar companies’ claims for an award of sugar storage costs under provisions of the extended 1977 price support loan program. We affirm the unpublished decision of the United States Claims Court.
 

 BACKGROUND
 

 Amalgamated Sugar Company and U and I, Inc. (the sugar companies) are sugar beet processors that participated in the 1977 price support loan program administered by the Department of Agriculture. The program provided nonrecourse loans secured by the pledge of “eligible” sugar. 7 C.F.R. § 1435.15 (1979). Under the provisions of 7 C.F.R. §§ 1435.45-.54 (1979), relating to extended loans, processors were entitled to receive a fee for the cost of storing their 1977 sugar beyond the original maturity date of the loan. To determine the amount of sugar eligible for the loan program the sugar companies chose to use the first-in, first-out (FIFO) method of inventory accounting. The Department of Agriculture initially considered the sugar companies’ sugar eligible and loans were issued. Later, the Department of Agriculture determined that the sugar was ineligible for the loan program solely on the basis of the inventory accounting method used by the sugar companies. The Department of Agriculture observed that the sugar companies had participated in an earlier program, the 1977 payment program,, which required processors to choose an accounting method and prohibited a subsequent change. In pertinent part 7 C.F.R. § 1435.5(b) (1978) reads: “The processor may select either the ‘first-in first-out’ or ‘last-in first-out’ method of inventory accounting for the purpose of identifying sugar of the 1977 crop. Once a method of inventory accounting has been selected by the processor, no change may be made therein.” Since the sugar companies used LIFO under the payment program, the Department of Agriculture regarded the use of FIFO in the loan program as a change in accounting methods prohibited by § 1435.-5(b).
 

 The sugar companies brought suit in district court. On appeal, the Tenth Circuit dismissed for lack of subject matter jurisdiction.
 
 Amalgamated Sugar Co. v. Bergland,
 
 664 F.2d 818 (10th Cir.1981). The sugar companies then brought suit in the Claims Court and prevailed on a motion for summary judgment.
 

 OPINION
 

 The issue is whether 7 C.F.R. § 1435.5(b) is applicable to the 1977 loan program. The government argues that the change in accounting methods violated § 1435.5(b) and that its interpretation of the regulation is entitled to special deference. The sugar companies argue that the change in accounting methods was not prohibited by § 1435.5(b) because that regulation applied only to the payment program and not to the loan program.
 

 As we read the regulations, the payment program and the loan program are sepa
 
 *1044
 
 rate and distinct programs. The payment program was effective only for 1977 sugar marketed prior to November 8, 1977, the date the loan program became effective. The regulations for the payment program are contained in one subpart, §§ 1435.1-.14, the regulations for the loan program are contained in another subpart, §§ 1435.-15-.25, and the regulations for the extension of the loan program are contained in a third subpart, §§ 1435.45-.54.
 

 Nowhere in the payment program sub-part is § 1435.5(b) expressly made applicable to the loan program. Indeed, § 1435.-5(a) recites that price support “will be made available in accordance with the provisions of
 
 this
 
 subpart by means of payments.” [Emphasis added.] Similarly, although § 1435.46 of the loan extension sub-part expressly states that certain sections of the loan program subpart are applicable to extended loans, nowhere in the loan program subpart or the loan extension subpart is § 1435.5(b) expressly made applicable to the loan program.
 

 Nor is there any adequate reason to believe that § 1435.5(b) was impliedly grafted onto the loan program. Even though the payment program regulations had already been issued when the loan program regulations were drafted, there is no indication that the loan program regulations incorporated the payment program regulations. Each subpart has a section dealing with general provisions, administration, definitions, level of support and method of support, eligibility requirements, and forms. There are even sections where the language in the two subparts is identical. All of this militates against the government’s interpretation. Nevertheless, the government argues that its interpretation should be adopted because, it maintains, the agency always intended § 1435.5(b) to be so construed. That argument is not availing here because it is contrary to the settled rule of law that “[a] regulation cannot be construed to mean what an agency intended but did not adequately express.”
 
 Usery v. Kennecott Copper Corp.,
 
 577 F.2d 1113, 1119 (10th Cir.1977). Moreover, the government’s interpretation, quite simply, is plainly erroneous.
 
 See Honeywell, Inc. v. United States,
 
 661 F.2d 182, 186 (Ct.Cl.1981). Accordingly, the decision of the Claims Court is affirmed.
 

 AFFIRMED.