The **UNITED STATES**, Appellant,

v.

The **BOEING COMPANY**, Appellee.

**Appeal No. 86-927.**

United States Court of Appeals, Federal Circuit.

Oct. 1, 1986.

Jane W. Vanneman, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for appellant; with her on the brief, were Richard K. Willard, Asst. Atty. Gen. and David M. Cohen, Director. John Dodds, Dept. of the Air Force, Washington, D.C., of counsel, and Donald J. Kinlin, Dept. of the Air Force, Wright-Patterson Air Force Base, Ohio, of counsel.

Harold F. Olsen, Perkins Coie, Seattle, Wash., argued, for appellee; with him on the brief, was Ronald M. Gould. Also on the brief, were Lynda Troutman O'Sullivan, Perkins Coie, Washington, D.C., and Richard L. Baum, Perkins Coie, Seattle, Wash., of counsel.

Terry L. Albertson, Crowell & Moring, Washington, D.C., was on the brief, for amicus curiae, Westinghouse Elec. Co. Also on the brief, were Roger N. Boyd, Crowell & Moring, Washington, D.C., and Eugene Krach, Westinghouse Elec. Co., Baltimore, Md., of counsel.

Robert C. Gusman, Asst. Gen. Counsel, Calabasas, Cal., was on the brief, for amicus curiae, Lockheed Corp. Also on the brief, were Clarence T. Kipps, Jr. and Robert K. Huffman, Miller & Chevalier, Chartered, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, DAVIS and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

The United States appeals from a decision of the Armed Services Board of Contract Appeals (ASBCA or Board) denying a motion for summary judgment filed by the United States Air Force (Air Force), and

granting summary judgment in favor of the nonmoving party, The Boeing Company (Boeing). We affirm.

## BACKGROUND

Extensive findings of fact and a thorough discussion of the issues may be found in the Board's opinion. 85–3 BCA ¶ 18,435 (ASBCA 1985). Familiarity with that opinion will be presumed. Reference to the Board's findings of fact will be cited by their paragraph number as "FF ___."

The government appeals the decision of the Board rejecting the contracting officer's (CO) denial of major portions of Boeing's claims for reimbursement of costs incurred during 1980 under one of its pension plans, namely, its unfunded Supplemental Executive Retirement Plan (SERP), a supplementary pension plan in which some of Boeing's executives participate. Amounts accrued under the SERP are measured upon an actuarial basis and recorded on Boeing's books each year as an expense and a liability. No payments are made, however, until the eligible executive retires, usually years after the SERP accruals are made.

For the year 1980, Boeing accrued SERP costs of $1,092,220 and made payments to retirees of $13,409. FF 19, 20. The CO allowed each contract's allocable share of the costs incurred in connection with the SERP which represented the total 1980 payments to retirees and which were presumed to be deductible in 1980 for federal income tax purposes pursuant to Section 404(a)(5) of the Internal Revenue Code. FF 33. Although only two of Boeing's cost plus fixed fee contracts were at issue, the case proceeded at the Board as a test case. The Board permitted Westinghouse Electric Corporation and Lockheed Corporation to participate as *amici.*

The parties, at the Board's direction, submitted a joint stipulation of facts. The stipulation of facts, which not only presented the facts with respect to the accounting treatment of the SERP costs and the nature of the dispute, also set forth the relevant history of the Defense Acquisition Regulation (DAR) cost principles and the Cost Accounting Standards (CAS). The Board adopted the joint stipulation of facts in its entirety as the Board's findings of fact. 85–3 BCA ¶ 18,435, at 92,578–95.

The government asserted before the Board, and asserts on this appeal, that the clear language of DAR 15–205–7(f)(2)(ii)(B) (the DAR) limits allowability of pension costs only to those costs which are tax deductible in the tax year contemporaneous with recordation. The government contends that the DAR is a procurement regulation which governs *allowability* of costs, and is consistent with CAS 412, which governs only *allocability* of costs. Boeing contended before the Board, and maintains its position on this appeal, that the DAR is, in effect, an allocability provision requiring cash basis accounting, and is in impermissible conflict with the CAS which requires accrual basis accounting.

The Air Force moved for summary judgment. After concluding there were no genuine issues of material fact in dispute, the Board held that Boeing was entitled to reimbursement of the accrued unfunded costs of its SERP. The Board held that since (1) CAS 412 has the force and effect of law, (2) both CAS 412 and the DAR address the same matter of *allocability* of pension costs and (3) CAS 412 controls, the DAR cannot limit Boeing's reimbursement of its SERP costs because Boeing measures, assigns and allocates those costs pursuant to CAS 412. The Board remanded to the CO for a determination of quantum. The government appeals to this court pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 607(g)(1) (1982). *See Dewey Electronics Co. v. United States,* 803 F.2d 650 (Fed.Cir.1986).

## ISSUES

(1) Whether the Board correctly held that the contracts at issue in this appeal contain provisions—the DAR and CAS 412 —which are in conflict with each other.

(2) Whether the Board, having determined that there was a conflict between the two provisions, correctly held that the provisions of CAS 412 prevail.

## OPINION

 Under our scope of review, the Board's conclusions of law are not final and are thus freely reviewable, while the Board's findings of fact are final and our review is limited to a determination whether those findings are arbitrary, capricious, based on less than substantial evidence, or rendered in bad faith. 41 U.S.C. § 609(b) (1982); *American Electronic Laboratories, Inc. v. United States*, 774 F.2d 1110, 1112 (Fed.Cir.1985). The interpretation of regulations which are incorporated into government contracts is a question of law which this court is free to resolve. *Boeing Company v. United States*, 480 F.2d 854, 865, 202 Ct.Cl. 315, (1973). Hence, this court is not required to grant finality to the Board's legal interpretation of the DAR and CAS 412. However, "legal interpretations by tribunals having expertise are helpful to us, even if not compelling." *Erickson Air Crane Co. of Washington, Inc. v. United States*, 731 F.2d 810, 814 (Fed.Cir.1984).

### I. Contract Provisions

At the heart of the controversy in this case are two regulatory provisions incorporated into Boeing's contracts with the Air Force. The first of these is CAS 412, which was promulgated by the Cost Accounting Standards Board (CASB) pursuant to the authority of Section 719 of the Defense Production Act of 1950, as amended by Pub.L. 91–379, 50 U.S.C.App. § 2168. CAS 412 (together with CAS 413) governs the determination and measurement of pension costs, assignment of such costs to cost accounting periods and allocation of such costs to final cost objectives. CAS 412 and CAS 413 as applied to unfunded retirement plans such as the SERP, require SERP costs to be assigned to the year in which such costs are incurred and allocated to contracts for that year and prohibit assign-

ment of such costs to any other year. FF 35. Boeing's "SERP costs for each of the years 1980 through 1982 were measured, assigned to accounting periods and allocated to intermediate and final cost objectives in accordance with the provisions of CAS 412 and 413 as incorporated into DAR 15–205.6." FF 16.

The second regulatory provision included in Boeing's contracts is DAR 15–205.6, which incorporates the requirements of CAS 412 with respect to determination, measurement and assignment of such costs. However, DAR 15–205.6(f) further provides:

(2) Deferred compensation is allowable only to the extent that:

. . . .

(ii)(A) it is deductible for the same fiscal year for Federal income tax purposes under Section 404 (excluding subsection (a)(5)) of the [IRC] and the regulations of the Internal Revenue Service. . . .

. . . .

or

(B) it is deductible in the same fiscal year for Federal income tax purposes under Section 404(a)(5) . . . except that the costs of unfunded pension and retirement benefits paid directly to, or on behalf of, former employees shall be allowable only to the extent the contractor demonstrates that such costs, together with any pension and retirement costs allowed pursuant to (A) above, do not exceed the amount that would be allowable under (A) above if the contractor were providing for equivalent benefits on an actuarial basis in the current period.

85–3 BCA ¶ 18,435, at 92,609–10.

Succinctly, DAR 15–205.6(f)(2)(ii)(B)—the DAR—provides that the costs of unfunded pension plans are allowable only to the extent that they are deductible for the same cost accounting period for Federal income tax purposes.

### II. Conflict of Provisions

The government argues that allowability of costs is a matter of procurement policy

as to which the Department of Defense (DOD) has exclusive authority; that DOD has the authority to disallow types and amounts of properly allocated costs for various policy reasons; and that there can be no conflict between DAR allowability criteria and CAS allocability criteria because the latter are subject to the former. In other words, costs may be assignable and allocable under CAS, but not allowable under DAR. We agree with these assertions as general propositions. *See Boeing Company v. United States*, 480 F.2d 854, 862–64, 202 Ct.Cl. 315 (1973).

Both the DAR and CAS 412 were incorporated by reference into Boeing's contract. FF 6–7. Indeed, because DOD has chosen to incorporate CAS 412 into the DAR cost principles and into these contracts, we need not, and do not, consider the question of whether Congress through the CASB can preempt DOD's procurement authority. *Boeing Company v. United States*, 680 F.2d 132, 141, 230 Ct.Cl. 663 (1982), *cert. denied*, 460 U.S. 1081, 103 S.Ct. 1768, 76 L.Ed.2d 343 (1983). "Even if the Cost Accounting Standards Act was invalid, the law would still not limit the sources from which the Defense Department could find and pick its cost standards—so long as those standards were substantively proper...." *Id.*

■ Since the allowability of a cost remains the province of the procuring agencies, the DOD may limit costs based upon rational procurement policies and not all costs are deemed reasonable just because they have been incurred and measured, allocated and assigned in accordance with CAS requirements. *See Lockheed Aircraft Corp. v. United States*, 375 F.2d 786, 792, 179 Ct.Cl. 545 (1967). Hence, DOD has the legal authority to make all pension costs unallowable if it chooses to do so, to make the costs of specific types of pension plans unallowable, to put ceilings on the amount of costs which would be allowable, or to otherwise limit the allowability of pension costs. It also follows that, in order to effect an allowability limitation on any cost measured by CAS, a measure-ment—such as some percentage of cost—is required. However, a formula of allowability measured in whole or in part by payments attributable to costs accrued in and allocated to a prior year creates a conflict between the DAR and CAS 412. In this case, the amount of allowability was in fact measured by the cash payouts to retired employees which represented "the payment and satisfaction of liabilities accrued for service prior to retirement and [were] not payments for services rendered during the years of payment." FF 25.

■ Therefore, the provisions of the DAR impose measurement by allocation and assignment requirements which are inconsistent with the allocation and assignment requirements of CAS 412. The DAR in effect provides that pension costs were "unallowable" unless measured, allocated and assigned among periods in a manner which conflicts with CAS 412. The DAR is not a provision which makes costs allowable or unallowable *per se* based upon a rational procurement policy entirely divorced from cost principles. Rather, the DAR makes the allowability of a cost *contingent* upon use of a cost measurement, allocation and assignment technique which conflicts with the requirements of CAS 412 and 413. Under the DAR, Boeing's SERP costs are only *allowable* if assigned to a period other than the period to which CAS 412 and 413 require they be assigned. Therefore, we hold that the DAR is in fact an allocability provision which conflicts with CAS 412 also an allocability provision.

### III. Prevailing Provision

■ Boeing contends that, assuming a conflict between CAS 412 and the DAR, the CASB promulgation of CAS 412 supersedes the DAR. As we pointed out above, just as in the 1982 *Boeing* case (involving CAS 403), because DOD in the instant case chose to incorporate a CAS (CAS 412) governing the assignment of pension costs into the DAR cost principles, we need not address any constitutional issue involving the separation of powers and the alleged authority of DOD over procurement matters.

As the court in the 1982 *Boeing* case stated:

> The reason is that the Department of Defense itself adopted CAS 403 [and CAS 412] and that Department had the independent authority to accept the standard on its own. Under the same general authority which grounded adoption of the Armed Services Procurement Regulations, *the Defense Department could adopt or accept any permissible cost standard, no matter who the proposer.* The Department did this in Defense Procurement Circular 99, establishing the relevant CASB standards (including CAS 403) [and CAS 412] as the Department's own. The Department was not deprived of its authority to adopt these standards because it may have assumed mistakenly (if plaintiff is right as to the legal ineffectiveness of the CASB and its productions) that the law compelled it to do so. Whatever the departmental motivation, that agency permissible established the standard and intended to do so.

*Boeing Company v. United States*, 680 F.2d 132, 141, 230 Ct.Cl. 663 (1982) (emphasis added).

As the Board found the "requirements of CAS 412 are clear and straight forward." 85–3 BCA ¶ 18,435, at 92,602. "[T]here do not appear to be any conflicts or disputes over the essential requirements of CAS 412." *Id.* "Nor does there appear to be any dispute as to [Boeing's] obligation to comply with CAS 412 and the fact that [Boeing's] SERP was in compliance with CAS 412 and 413." *Id.* DOD is not limited as to the sources from which it can pick its cost standards, so long as those standards are substantively proper. *Boeing Company v. United States*, 680 F.2d 132, 141, 230 Ct.Cl. 663 (1982). There being no dispute as to the substance of CAS 412 and 413 and Boeing's compliance therewith, we find no reason not to uphold the validity of these cost standards.

The Board found that the ALLOCABLE COST, FIXED FEE AND PAYMENT clause and the COST ACCOUNTING STANDARDS clause of the contract incorporate [the DAR] and CAS 412 as contract terms, thereby imposing contradictory cost accounting requirements on a contractor for measuring, assigning and allocating pension costs." 85–3 BCA ¶ 18,435, at 92,607. In resolving this conflict, Boeing would have this court apply the principle of *contra proferentem,* while the government would have us defer to its reasonable and consistent administrative interpretation of its regulations. *See Santa Fe Engineers, Inc. v. United States,* 801 F.2d 379, 381 (Fed.Cir.1986), *citing, Honeywell, Inc. v. United States,* 661 F.2d 182, 186, 228 Ct.Cl. 591 (1981). We agree with the Board that a discussion of these principles of interpretation in the context of this case is inapposite. 85–3 BCA ¶ 18,435, at 92,607.

In this case DOD has imposed contradictory cost accounting requirements on Boeing and DOD itself has indicated how such a problem is to be resolved. After promulgation in 1972 of Defense Procurement Circular 99, the ASPR Subcommittee stated that "[s]hould there be a conflict with respect to allocability between the ASPR and the CAS, the former regulation will be superseded." ASPR Subcommittee 1975 Memorandum at 11. Resolving the conflict in this manner comports with the authority of DOD to promulgate rational procurement policies. To hold otherwise would force this court to sanction DOD exercising its procurement authority in an arbitrary and capricious manner by completely ignoring a particular cost accounting standard. That is not the law of this court. As Judge Davis stated in *Westinghouse Electric Corp. v. United States,* 782 F.2d 1017, 1020 (Fed.Cir.1986) in discussing DOD's financing authority under 10 U.S.C. § 2307: "That [financing] power exists independently and is not drawn from the statute creating and implementing the CASB, though exercise of that power may conceivably be defeated or modified by a particular cost accounting standard." *Id.*

## CONCLUSION

Based on the foregoing, we affirm the Board's decision that CAS 412 is control-

ling with respect to the determination, measurement, assignment and allocation of Boeing's SERP costs. We further affirm its decision that the DAR requirement that pension costs be deductible in the same year for Federal income tax purposes under § 404(a)(5) of the Internal Revenue Code cannot impose a limitation on Boeing's recovery of its SERP costs to the extent that they are determined, measured, assigned and allocated pursuant to CAS 412 and CAS 413 and are otherwise allowable under the contract.

AFFIRMED.