833 F.2d 1022
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
YUCCA, A Joint Venture, Appellant,
v.
The UNITED STATES, Appellee.
 No. 87-1109
 United States Court of Appeals, Federal Circuit.
 October 7, 1987.
 
 Before EDWARD S. SMITH, NIES and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Yucca, a Joint Venture (Yucca), appeals pursuant to the Contract Disputes Act of 1978, 41 U.S.C. Secs. 601-13 (1982), from the decision of the General Services Administration (GSA) Board of Contract Appeals (board) in Yucca, a Joint Venture, 85-3 BCA (CCH) p18,511 (October 23, 1985), motion for reconsideration denied, 86-3 BCA (CCH) p19,076 (May 28, 1986), upholding GSA's termination of Contract No. GS-07B-11339 for default and denying Yucca's claim for damages. We affirm.
 
 OPINION
 
 2
 The scope of our review of the board's decision is limited by statute. 41 U.S.C. Sec. 609(b) (1982). While the board's conclusions of law are freely reviewable, United States v. Boeing Co., 802 F.2d 1390, 1393 (Fed. Cir. 1986), its findings of fact are final and conclusive and our review is restricted to a determination of whether those findings are fraudulent, arbitrary, capricious, so grossly erroneous as to necessarily imply bad faith, or unsupported by substantial evidence. Id.; Erickson Air Crane Co. of Washington, Inc. v. United States, 731 F.2d 810, 814 (Fed. Cir. 1984).
 
 
 3
 The board concluded that, by signing Supplemental Lease Agreement No. 1 (SLA No. 1) in May 1981, Yucca in effect 'forgave' the only GSA delay that might have served to excuse Yucca's own failure to perform. It also determined that Yucca would not have been able to obtain the financing required for it to perform at any time after May 1981 'even if GSA had been totally cooperative and utterly blameless from then on. . . .' Under these circumstances, the board held that the default termination was proper.
 
 
 4
 Yucca's principal contentions on appeal are that the board erred in construing SLA No. 1 as 'a total accord and satisfaction and general release of all claims that existed on May 15, 1981' and in requiring Yucca to prove that it could have performed but for GSA's interfering acts.
 
 
 5
 Yucca's first contention fails because it is clear from the board's reconsideration decision that SLA No. 1 was not treated as an accord and satisfaction. Instead, the board held that the Agreement, by extending the date on which Yucca was to deliver the premises ready for occupancy, took into account GSA's five-month delay in delivering floor plans. In addition, the board noted that Yucca never sought any costs it incurred as a result of the delay; rather it claimed lost profits which would be inappropriate in view of its default.
 
 
 6
 In regard to Yucca's second contention, the board accepted as fact, relative to discovery sanctions against GSA, that the activities of the GSA Office of Inspector General (OIG) 'impeded, delayed, and interfered with [Yucca's] performance of the contract.' Yucca contends that this finding is inconsistent with the board's denial of its appeal. The board also expressly found, however, that Yucca would not have been able to perform at any time after signing SLA No. 1 because 'there would have been no financing after May 1981 had there been no [OIG] investigation at all.' The board further stated:
 
 
 7
 the situation in the money markets in May 1981 and after was such that [Yucca] would not have found the financing [it] needed at any time before the default termination, and [it] never could have successfully performed thereafter.
 
 
 8
 Because of its findings that Yucca could not have obtained financing regardless of the OIG's interference, the board concluded that the OIG's actions did not prevent Yucca from performing. There is substantial evidence in the record to support the board's findings. We are also convinced that the board did not impose an incorrect burden of proof on Yucca. It merely determined on the record before it that Yucca's 'delay in completion of the work and delivery of the premises ready for occupancy' would have occurred regardless of 'acts of the Government.' See Finding of Fact No. 8, 85-3 BCA (CCH) at 92,953 (contract provided that delay was excusable if due to 'acts of the Government'). Cf. Shear v. National Rifle Ass'n of America, 606 F.2d 1251, 1257 (D.C. Cir. 1979) (contractor must show that interference 'substantially contributed' to the non-occurrence of a condition precedent, in order to claim that prevention excused the condition), and Restatement (Second) of Contracts Sec. 245 comment b (1979).
 
 
 9
 Contrary to Yucca's contention, the termination for default under these circumstances was proper and we therefore affirm the decision of the board on the basis of its opinions.