930 F.2d 38
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jewell L. SHANE, Appellant,
v.
The UNITED STATES, Appellee.
 No. 90-1406.
 United States Court of Appeals, Federal Circuit.
 March 14, 1991.
 
 Before PAULINE NEWMAN, MICHEL and PLAGER, Circuit Judges.
 DECISION
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Jewell L. Shane appeals the decision of the Department of Labor Board of Contract Appeals, No. 87-BCA-11, May 31, 1990, denying her claim for $8,403.50 arising out of a contract for accounting services with the Department of Labor. We affirm.
 
 OPINION
 
 2
 Each of the two task orders, Nos. 102 and 103, specified the maximum number of billable hours and the billing rate for each of three labor categories. The contract stated that no work was authorized unless pursuant to a properly executed task order signed by the contracting officer, and instructed the contractor to honor only written task orders signed by the contracting officer. The two task orders underwent several modifications signed by the contracting officer.
 
 
 3
 The labor categories were defined in the contract. A partner was responsible for liaison with the Department of Labor, final report review, quality control, and the initial contact with the entity being audited. The audit manager/supervisor was responsible for day-to-day management and supervision of the audit team. The contract provided that a person designated in a higher category could perform work in a lower category if the hours were billed at the lower rate.
 
 
 4
 It is undisputed that the 197 hours billed by Ms. Shane in the manager/supervisor category were actually worked by her, and that these hours were necessary to the performance of the contract. The contracting officer disallowed all but 19 of these hours, for the reason that they were not incurred as a supervisor at the audit site, and also finding that some of these hours related to reviewing time and expense reports, billings, and related items which were not directly compensable under the contract, but were in the nature of administrative overhead. The Board affirmed.
 
 
 5
 Ms. Shane states that Mr. Hall instructed her to perform whatever work was necessary, and bill those hours at the appropriate rate. Since Lewis-Shane is a small firm, and since Ms. Borgelt was not always available, Ms. Shane argues that it was necessary for her to do manager/supervisor work herself. She points to the contractual provision allowing a person designated in one labor category to perform the work of a lower category at the lower rate.
 
 
 6
 There was conflicting testimony on the issues of authorization, the kinds of work done, and the categories of work. There was testimony that Ms. Shane knew, from disallowance of early billings of her manager/supervisor hours, that the contracting officer did not approve payment for these hours. The Board found that Ms. Shane had timely notice that she was not authorized to perform the manager/supervisor work and that the activities charged under this category were not compensable because they were properly deemed overhead.
 
 
 7
 Although the administration of this contract is not free of ambiguities, on the record provided, with substantial evidence on both sides, we have not been shown sufficient basis for overruling the Board on this point. Our standard of appellate review[1] requires us to uphold the Board's finding that the work Ms. Shane charged as manager/supervisor work was not compensable beyond that paid by the agency. Thus, we do not reach the question of whether she was qualified to do this work.
 
 
 8
 We have carefully considered whether $4,891 of the disputed amount is recoverable by Ms. Shane because of the final task order modifications that were not signed by the contracting officer. In view of the Board's finding that the disputed hours, which comprise the entire claim of $8,403.50, were unauthorized, the unsigned task order modifications have no effect on the amount claimed. Thus, we do not decide whether the Board erred in holding that Mr. Hall was without authority to bind the government to these modifications.
 
 
 9
 The denial of the claim for payment of $8,403.50 is affirmed.
 
 
 
 [1]
 The Board's decision of factual disputes must be upheld unless the decision is fraudulent, arbitrary, or capricious, or so clearly erroneous as to imply bad faith, or if the decision is not supported by substantial evidence. 41 U.S.C. Sec. 609(b); United States v. Boeing Co., 802 F.2d 1390, 1393 (Fed.Cir.1986)